IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| | : NO. 5:19-CV-000365-MTT-CHW |
| VS. | : |
| TIMOTHY WARD, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Waseem Daker, an inmate presently confined in the Valdosta State Prison in Valdosta, Georgia, has filed a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has paid the applicable filing fee in this case, and his Complaint is now ripe for review under 28 U.S.C. § 1915A. As with a number of his recent cases, however, Plaintiff has again violated the Federal Rules of Civil Procedure. As discussed in more detail below, Plaintiff must therefore recast his Complaint if he wishes to proceed with his claims. Plaintiff has also—yet again—filed motions to recuse the undersigned and Magistrate Judge Weigle. Plaintiff's motions for recusal (ECF Nos. 4, 5) are **DENIED.**

### I. Motions for Recusal

Plaintiff has filed motions seeking the recusal of both the undersigned and of Magistrate Judge Weigle. Plaintiff's motions to recuse are largely duplicative of one another and are typical of the motions to recuse Plaintiff has filed in most—if not all—of

his other cases pending before the Court.[1] In his motions in this case, Plaintiff cites to a "history of orders" that "shows a pattern" that the undersigned and Judge Weigle have treated "Mr. Daker disparately and discriminatorily as compared to other cases, and saying anything it can to rubberstamp-dismiss or -deny any and every case he files." Mot. Recusal 9, ECF No. 23. Plaintiff further states that the undersigned and Judge Weigle have acted as "surrogate" prosecutors or opposing counsel in deciding issues in Plaintiff's cases. *See id.* at 11.

Plaintiff bases his motions on 28 U.S.C. § 455. This statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5). The thrust of Plaintiff's motions is that the Court is biased against him. Plaintiff may thus be relying on either subsection (a) or subsection (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v.*

---

[1] Plaintiff filed a copy of these same motions in at least one other case pending before the Court, *Daker v. Ward*, 5:19-cv-00126-MTT-CHW (M.D. Ga. Aug. 8, 2019).

*Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his cases in this district have a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. While Plaintiff contends there is a pattern of rulings that demonstrate disparate and discriminatory treatment, it is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).[2]

---

[2] It should also be noted that many of the cases referenced by Plaintiff in his motion to recuse the undersigned were not actually assigned to (and decided by) the undersigned. *See, e.g., Daker v. Humphrey*, 5:12-cv-00461-CAR-CHW (M.D. Ga. Nov. 20, 2012); *Daker v. Bryson*¸ 5:15-cv-00088-CAR-CHW (M.D. Ga. Mar. 16, 2015); *Daker v. Bryson*, 5:16-cv-000538-CAR-CHW (M.D. Ga. Dec. 7, 2016); *Smith v. Owens*, 5:12-cv-00026-WLS-CHW (M.D. Ga. Jan. 24, 2012); *Nolley v. McLaughlin*, 5:15-cv-00149-CAR-CHW

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to establish any personal or pervasive bias on the part of the undersigned or Judge Weigle, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

Plaintiff further suggests that the undersigned and Judge Weigle acted as "surrogate prosecutors" or "surrogate opposing counsel" in this case because the Court "erroneously assume[d] that Defendants are complying" with the Court's order in *Smith v. Owens*, 5:12-cv-00026-WLS-CHW (M.D. Ga. Jan. 24, 2012). Mot. Recusal 11, ECF No. 24. The Sixth Circuit case cited by Plaintiff for this proposition, *Lyell v. Renico*, is plainly distinguishable. In *Lyell*, the court conditionally granted the petitioner's writ for habeas

---

(M.D. Ga. Apr. 27, 2015). Plaintiff's rote inclusion of these cases in his motion to recuse the undersigned further indicates Plaintiff's intent to waste judicial resources and frustrate the orderly operation of the Court.

4

corpus after finding that the trial judge did not afford the petitioner a fair trial. 470 F.3d 1177, 1187-88 (6th Cir. 2006), *abrogated on other grounds as recognized in English v. Berghuis*, 529 F. App'x 734 (6th Cir. 2013). Among other things, the trial judge in *Lyell* (1) "*sua sponte* interrupted the prosecution to assist it"; (2) "*sua sponte* interrupted [defense counsel's] questioning in a way that undermined his presentation of the case" without doing the same to the prosecution; (3) "stated or implied her disapproval of [the petitioner's] theory of the case"; (4) "made clear her disapproval" of petitioner's defense counsel by "calling him an actor, a child, silly and a smart aleck"); and (5) "inexplicabl[y]" decided "to issue a contempt order against [petitioner's defense counsel] in front of the jury." *Id.* at 1187. The Court has not yet taken any action in this case, and Plaintiff has not alleged facts suggesting that either the undersigned or Judge Weigle has expressed a level of bias or prejudice in any of Plaintiff's cases comparable to that described in *Lyell*.

In sum, Plaintiff's contentions that the undersigned and Judge Weigle have not ruled in his favor in other cases are not alone sufficient to merit recusal, and Plaintiff has also failed to show that the Court harbors the type of pervasive bias or prejudice against Plaintiff that would otherwise require recusal. Plaintiff's motions for recusal (ECF Nos. 4, 5) are therefore again **DENIED.**

## II. Factual Allegations and Plaintiff's Claims

Plaintiff's Complaint in this case lists more than 130 Defendants. Approximately a quarter of those Defendants are prison officials with the Georgia Department of Corrections ("GDC") in Forsyth, Georgia. The remaining Defendants are prison officials

5

with the Georgia Diagnostic and State Prison ("GDCP"), Georgia State Prison ("GSP"), Macon State Prison ("MSP"), or Valdosta State Prison ("VSP"), all of which are GDC facilities in which Plaintiff has been housed since October 3, 2012. Compl. 16, ECF No. 1.

Plaintiff contends that "all" Defendants—or specified combinations thereof—violated or are currently violating his constitutional and statutory rights in numerous ways. As summarized in his statement of claims, Plaintiff raises the following claims in his Complaint: (1) Defendants' failure to properly respond to his Open Records Act ("ORA") requests violates his rights under the Georgia ORA and his constitutional rights to access the courts; (2) Defendants' refusal to allow prisoners to send contraband cellphones and cellphone-related paraphernalia outside the prison after the seizure of such devices violates the Due Process Clause, the Takings Clause, and Plaintiff's rights to access the courts; (3) Defendants' seizure and/or destruction of prisoners' personal property violates the Due Process Clause and the Takings Clause; (4) Defendants' denial of access to the law library, photocopying, legal materials, electronic legal materials, and adequate postage violates prisoners' rights to access the courts; (5) Defendants' failure to properly handle prisoner grievances violates prisoners' rights to access the courts; and (6) Defendants' custom of retaliation against prisoners violates prisoners' First Amendment rights. Compl. 126-29, ECF No. 1. As a result of these alleged violations, Plaintiff seeks declaratory judgments; prospective, equitable, and injunctive relief; nominal, compensatory, and punitive damages; the costs of prosecuting this action; and "other such relief that the court deems

necessary or appropriate." *Id.* at 82.

### III. Plaintiff's Claims are Improperly Joined

When faced with this type of multi-party, multi-claim lawsuit—particularly one filed by a frequently abusive *pro se* litigant, such as Plaintiff—the Court must question the propriety of joinder. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims involve dozens of individuals or entities and took place in at least three different institutions over the course of several years. It would defy logic to conclude that all of these claims are properly joined in this action, and after having carefully reviewed Plaintiff's Complaint, the undersigned in fact finds joinder is inappropriate. *See id.* ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoner pay the required filing fees[.]").

#### A. Legal Standard for Joinder

The Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. In order to properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* that "any question of law or fact common to all defendants will arise in the action." Once a plaintiff has established that each defendant is properly joined, only then may he join as many claims as he has against each party per Federal Rule of Civil Procedure 18(a). *See*, *e.g.*,

7

6A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1585 (3d Ed. Apr. 2018) ("Once parties are properly joined under [Rule 20] as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a).").

The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See*, *e.g.*, *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[3] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted). In exercising its discretion regarding joinder, the Court should "provide a reasoned analysis that comports with the requirements of the Rule" and is "based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). The Court's discretion is also informed by the Prison Litigation Reform Act ("PLRA") and its goals of preventing unwieldy litigation, ensuring the payment of filing fees, and limiting prisoners' ability to bring frivolous cases. *See George*, 507 F.3d at 607.

---

[3]The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

B. <u>Plaintiff's Claims Lack a Logical Relationship</u>

Based on the foregoing, it is clear that in order to properly join the dozens of named Defendants in this case, Plaintiff must first establish that he has at least one claim against each of them that arises from the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). For the following reasons, Plaintiff has failed to do so.

*1. Plaintiff's Complaint Fails to Allege Facts Showing All Defendants Engaged in a Common Custom or Policy*

Plaintiff first contends that all Defendants "are properly joined under Fed. R. Civ. P. 20(a)(2) because they maintain execute or enforce the same GDC policies and customs that result in the violations of Plaintiff's rights." Compl. 18, ECF No. 1. As an initial matter, however, Plaintiff identified several Defendants—including Singletary, Scott, Bradley (twice), and Mosely—in the caption of his Complaint, but he failed to allege any facts in the body of his Complaint associating these Defendants with a violation of his constitutional rights. This failure prevents the Court from finding that these Defendants are properly joined as to at least one of Plaintiff's substantive claims.

With respect to the remaining Defendants, Plaintiff generally identifies seven customs or policies common to "all" Defendants: (1) a custom of delaying, denying, or obstructing Open Records Act requests; (2) a custom of refusing to allow prisoners to have confiscated cellphone-related contraband sent out of the prison; (3) a custom of failing to provide inventory, receipt, opportunity to prove ownership, or opportunity to send property

9

out of the prison after such property has been seized by prison officials; (4) a custom of denying prisoners access to the law library, photocopying, stored legal materials, and materials stored on CD-ROM, flash drive, and SD cards; (5) a policy of failing to provide inmates with sufficient postage to send legal mail; (6) a policy of obstructing prisoners' use of the inmate grievance system; and (7) a policy of retaliating against inmates who use the grievance system. *See* Compl. 17-71, ECF No. 1. But Plaintiff fails to plead facts showing that each named Defendant adopted, implemented, or maintained at least one of these policies and that joinder is therefore appropriate as to "all" Defendants. For example, although Plaintiff contends that "all" Defendants should be held liable for obstructing his ORA requests, he only alleges facts associating approximately nineteen Defendants with this claim. *See id.* Several of those Defendants, including Defendants Vallee, Fedrowiz, Dorsey, and Karessa John, are not mentioned in connection with any of Plaintiff's other alleged constitutional violations. Plaintiff has therefore failed to allege facts sufficient to show that "all" Defendants are properly joined in this action pursuant to Federal Rule of Civil Procedure 20(a)(2)(A).

### C. No Common Question of Law or Fact Exists

The Federal Rules of Civil Procedure also permit joinder only when "any question of law or fact, common to all defendants, will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Plaintiff's overly broad and conclusory claim that Defendants "are properly joined under Fed. R. Civ. P. 20(a)(2) because they maintain[,] execute[,] or enforce the same GDC policies and customs that result in the violations of Plaintiff's rights" is

insufficient to meet the requirements of this Rule. Compl. 16, ECF No. 1. Plaintiff does not identify any specific common question of law or fact that will apply to each of the nearly twelve dozen Defendants he has named in this action. Moreover, as Plaintiff's Complaint is currently pleaded, it appears impossible for him to do so. As noted above, Plaintiff has not even identified what actions a handful of Defendants have taken to violate his constitutional rights. Plaintiff has also thus failed to demonstrate that joinder is appropriate pursuant to Federal Rule of Civil Procedure 20(a)(2)(B).

### IV. Order to Recast

While the Court could potentially attempt to add or drop parties or sever any claims against a party to remedy this misjoinder, *see* Fed. R. Civ. P. 21, it is not incumbent upon the Court to effectively re-write Plaintiff's Complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Plaintiff will instead be given an opportunity to address the deficiencies identified above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, then he is **ORDERED** to recast his Complaint. **Plaintiff's Recast Complaint will take**

**the place of and supersede the original Complaint in this case**. The Complaint should be marked with the case number of the above-captioned action and **state only related claims**; **unrelated claims should be raised and filed in separate complaints.** [4] Plaintiff's Recast Complaint should clearly state (1) *who* Plaintiff seeks to sue; (2) *what* each Defendant did (or did not do) to violate his constitutional rights; (3) *when* and *where* each action occurred; and (4) *how* Plaintiff was injured as a result of each Defendant's actions. If, in his Recast Complaint, Plaintiff fails to clearly link a Defendant to a claim, the claim will be dismissed; if he makes no allegations against a Defendant, that Defendant will be dismissed. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his Recast Complaint.

### V. Conclusion

For the foregoing reasons, Plaintiff's motions to recuse (ECF Nos. 4, 5) are **DENIED,** and Plaintiff is required to recast his Complaint so that it states only claims that can be properly joined pursuant to the Federal Rules of Civil Procedure. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to comply. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order.

---

[4]The Clerk is **DIRECTED** to forward Plaintiff a copy of the Court's standard § 1983 form that Plaintiff may use if he wishes to file an additional case or cases containing any unrelated claims.

**SO ORDERED**, this 28th day of January, 2020.

                              <u>/s/ Marc T. Treadwell</u>
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT