IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:19-CV-365 (MTT) |
| | ) | |
| TIMOTHY WARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Waseem Daker moves for relief from the Court's order and judgment (Docs. 17; 18) in favor of the defendants. For the following reasons, that motion (Doc. 19) is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water*

*Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, Daker does not argue that there has been a change in the law, and he does not point to newly discovered evidence.  Instead, he argues that the Court erred in dismissing his complaint.

First, Daker argues that the Court dismissed his complaint for reasons not in the Magistrate Judge's Recommendation and that he did not have an opportunity to respond to those reasons.  Doc. 19 at 3.  Daker is incorrect.  His complaint was dismissed for the reasons explained in the Recommendation, and Daker responded to those reasons for dismissal when he objected to the Magistrate Judge's Recommendation, which the Court considered.  Doc. 15.  What Daker considers new reasons for dismissal were simply the Court's explanations of Daker's objections and its explanations of why those objections were meritless.

Daker also argues that the Court did not provide adequate reasoning to explain why the claims in his recast complaint were improperly joined.  Doc. 19 at 5.  However, the Court stated that it found joinder to be "inappropriate because [Daker] has not stated at least one claim against each defendant that arises from the same transaction, occurrence, or series of transactions or occurrences," and Daker did not "identif[y] a specific question of law or fact that is common to all defendants."[1]  Doc. 17 at 2.

Finally, Daker argues that the Court erred by dismissing his entire complaint, instead of dismissing merely the improperly joined claims and defendants.  Doc. 19 at 5-6.  After the Court found that Daker's original complaint, which named over 130 defendants, improperly joined parties and claims, it ordered him to recast his complaint to remedy the joinder deficiencies.  Doc. 6.  The Court stated that "[f]ailure to fully and

---

[1] The Court had previously ordered Daker to recast his complaint to comply with the rules of joinder.  In that order, the Court explained what the rules of joinder required.  Doc. 6 at 10-11.

timely comply … may result in the dismissal of [Daker's] Complaint." *Id.* at 12.  Daker's amended complaint was materially identical to his original complaint, and it still named over 104 defendants from three different prisons and the Georgia Department of Corrections.  Doc. 9.  The Court found that the amended complaint, like the original, violated the rules of joinder and that he "failed to make any effort meaningfully to comply with the Court's instructions" so that he could "frustrate the PLRA's purpose of curtailing abusive litigation."  Docs. 12 at 3-4; 17 at 2.  Accordingly, the Court not only dismissed the complaint for failure to comply with the rules of joinder but for failure to follow the Court's previous Order as well.

Because of the forgoing reasons, Daker's motion for reconsideration (Doc. 19) is **DENIED**.  Daker's motion to amend his complaint post-judgment is also **DENIED** as moot.[2]

**SO ORDERED**, this 27th day of December, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] A plaintiff may move to amend his complaint after judgement is entered *only if* he is first granted relief under Federal Rule of Civil Procedure 59 or 60.  *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (2006); *Pharr v. Conley*, 2017 WL 1658833, at *1 (M.D. Ga April 28, 2017).  Here, however, Daker has not been granted relief from the Court's judgment.